## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PRESTON JONES** | * | |
| | * | **CIVIL ACTION** |
| *Plaintiff,* | * | **NO. 22-cv-258** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **THE LOUISIANA STATE BOARD OF** | * | |
| **PRIVATE SECURITY EXAMINERS; AND** | * | |
| **FABIAN P. BLACHE III, INDIVIDUALLY** | * | **MAG. JUDGE:** |
| **AND IN HIS OFFICIAL CAPACITY AS** | * | |
| **EXECUTIVE DIRECTOR OF THE BOARD** | * | |
| | * | **JURY DEMANDED** |
| *Defendants.* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Preston Jones, who respectfully files this Complaint against the named Defendants for the reasons set forth, as follows:

## PARTIES

1.     Plaintiff, Present Jones, is a person of the full age of majority, domiciled in and a resident of the Parish of Jefferson, State of Louisiana, who was issued license number PSE-INS-18-0798 by the Louisiana State Board of Private Security Examiners.

2.     Defendant, the Louisiana State Board of Private Security Examiners (the "Board" or "LSBPSE"), is a state board created as an agency of the state government of the State of Louisiana within the Department of Public Safety and Corrections, and was established by the Louisiana State Legislature by Acts 1984, No. 505, §1, eff. Jan. 1, 1985. It is governed by the Private Security Regulatory and Licensing Law found in Louisiana Revised Statutes, Title 37, Chapter 47, §§ 3270, *et seq.* Pursuant to the grant of authority thereto by La. R.S. 37:3274(A)(3), the Louisiana Department of Public Safety and Corrections through the

1

LSBPSE adopted and promulgated rules and regulations to govern the practice of private security in the state of Louisiana, which rules and regulations are found at the Louisiana Register 13:751 (December 1987) and the Louisiana Administrative Code, Title 46, Part LIX. The Board is located in East Baton Rouge Parish at 15703 Old Hammond Highway, Baton Rouge, Louisiana 70816.

3.     Defendant, Fabian P. Blache, III, individually and in his official capacity as executive director of the LSBPSE, as he is responsible for supervising all employees of the Board, performing all administrative duties of the Board, supervising all inspectors, performing administrative inspections, and performing any duties as may be prescribed by the Board for the proper administration of the practice of private security agents and businesses. La. R.S. § 37:3275. As executive director at all relevant times herein, his office was located in East Baton Rouge Parish at 15703 Old Hammond Highway, Baton Rouge, Louisiana 70816.

## JURISDICTION AND VENUE

4.     This action arises under the Constitution of the United States, particularly under the provisions of the Fourteenth Amendment to the Constitution of the United States, and under federal law, particularly 42 U.S.C. § 1983. Also, Plaintiff makes one or more claims under the Louisiana Constitution and Louisiana tort law.

5.     Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1343, as this Court has federal question subject matter jurisdiction concerning these parties. In addition, the principles of supplemental jurisdiction are invoked over the non-federal question cause(s) of action remaining; as this Court has jurisdiction of these claims pursuant to 28 U.S.C. § 1367.

6.     Venue is appropriate in the Middle District of Louisiana pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7.      Mr. Jones is a licensed security officer (PSE-INS-18-0798), as well as a Classroom and Firearms Instructor for the LSBPSE.

8.      This year will mark Mr. Jones' 18th-year as a Board Instructor. For almost two (2) decades, Mr. Jones has proven himself to be not only an expert in his field but also a person of the utmost moral character, honesty, and integrity, so much so that his qualifications for licensure by the Board have been unquestionable – until last year.

9.      On or about April 23, 2021, then-Executive Director of the Board, Fabian Blache, III, notified Mr. Jones via text message that Mr. Jones' license had been suspended and further that Mr. Jones would be unable to teach, and therefore earn his usual income, as a Board Instructor.

10.     Mr. Jones was not given reasonable notice and an opportunity for a fair and impartial hearing prior to his license being suspended.

11.     Upon information and belief, Mr. Blache acted unilaterally, without authorization from the entire Board, to deprive Mr. Jones of his constitutionally protected property interests without due process. Nonetheless, on or about April 26, 2021, the Board followed Mr. Blache's course of action and officially suspended Mr. Jones' license. Again, Mr. Jones was not given reasonable notice and an opportunity for a fair and impartial hearing prior to his license being suspended.

12.     On or about July 8, 2021, the Board fully reinstated Mr. Jones' license.

13.     In total, Mr. Jones' license was suspended for eleven (11) weeks, during which time he suffered both economic damages and damage to his professional reputation.

14.     To date, Mr. Jones has never been given a reason or explanation for his suspension.

15.     Louisiana's Private Security Regulatory and Licensing Law, La. R.S. 37:3270, *et seq.*, creates the Board as an agency of the State of Louisiana within the Department of Public Safety and Corrections, which is authorized to adopt rules and regulations governing the practice of private security, and is also authorized to suspend, modify, or revoke license or registration cards to provide private security.

16.     This law, specifically La. R.S. 37:3288, provides that "[A]ny person who is determined by the board, after reasonable notice and opportunity for a fair and impartial hearing held in accordance with the Administrative Procedure Act, to have committed an egregious act that is a violation of this Chapter or regulation or rule issued thereunder is subject to an administrative penalty of not more than five thousand dollars per violation per day and shall subject such person to revocation of his license."

17.     The Board may suspend any issued license "for good cause shown," based on a number of reasons, including "violation of any provision of this Chapter or any rules or regulations of the board[.]" The law mandates, however, that the Board vote on any license suspension. Specifically, La. R.S. 37:3289(C) provides: "[F]our concurring votes shall be required for suspension of any license[.]"

18.     The Louisiana Administrative Code, Title 46, Part LIX, Chapter 6, § 60, one of the rules and regulations, bylaws, and rules of professional conduct adopted and promulgated by the Department of Public Safety and Corrections, Board of Private Security Examiners, LR 13:758 (December 1987), amended LR 18:196 (February 1992), LR 26:1076 (May 2000), provides that "[B]efore revoking or suspending a license or registration card, or imposing fines or costs over $500, the board will afford the applicant an opportunity for a hearing after reasonable notice of not less than 15 days, except in a case of a failure to maintain the required insurance or when a

4

registrant is found carrying an unauthorized weapon while performing the duties of a security officer."

19.     The Louisiana Administrative Code, Title 46, Part LIX, Chapter 9, § 901, also promulgated by the Department of Public Safety and Corrections, Board of Private Security Examiners, LR 13:758 (December 1987), amended LR 18:196 (February 1992), LR 26:1076 (May 2000), provides that, "[A]ny person who is determined by the board, after reasonable notice and opportunity for a fair and impartial hearing held in accordance with the Administrative Procedure Act, to have committed an act that is a violation of R.S. 37:3270 *et seq.,* or any rule herein, is subject to an administrative penalty of not more than $500 per violation; and/or denial, suspension, or revocation of a license or registration card; and/or imposition of probationary conditions or other restrictions including assessment of administrative costs incurred."

20.     Here, Mr. Jones neither received reasonable notice nor was he given an opportunity for a fair and impartial hearing, as required by La. R.S. 37:3288, prior to the action taken by Mr. Blache on April 23, 2021, purportedly on behalf of the Board, or prior to the Board's "official" suspension of Mr. Jones on April 23, 2021.

21.     Similarly, Mr. Jones neither received reasonable notice nor was he given an opportunity for a fair and impartial hearing, as required by LAC Title 46, Part LIX, Chapter 6, § 601 and Chapter 9, § 901, prior to the action taken by Mr. Blache on April 23, 2021, purportedly on behalf of the Board, or prior to the Board's "official" suspension of Mr. Jones on April 23, 2021.

## CAUSES OF ACTION

22.     The preceding paragraphs are incorporated herein as though fully set forth below.

23.     The Fourteenth Amendment to the United States Constitution provides, in pertinent part, that, "[N]o state shall make or enforce any law which shall abridge the privileges or

immunities of citizens of the United States; [n]or shall any state deprive any person of life, liberty, or property, without due process of law . . . ."

24.     The Louisiana Constitution at Article I, § 2 thereof, provides that, "[N]o person shall be deprived of life, liberty, or property, except by due process of law." To claim the protections of due process, a claimant must show the existence of some property or liberty interest which has been adversely affected by state action.

25.     Once licenses are issued . . . their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment.

26.     The United States Supreme Court has stated that, "[a] fair trial in a fair tribunal is a basic requirement of due process." This applies to administrative agencies which adjudicate, as well as to courts. Not only is a biased decisionmaker constitutionally unacceptable but 'our system of law has always endeavored to prevent even the probability of unfairness.'"

27.     Mr. Jones has a constitutionally-protected property interest in his state-issued license to operate as a private security officer and private security officer instructor.

28.     Mr. Jones was deprived of due process when his license was suspended prior to notice and a hearing before the Board.

29.     This adverse action against Mr. Jones not only violated his federal constitutional rights pursuant to the Fourteenth Amendment of the United States Constitution but also his state constitutional rights pursuant to Article I, Section 2 of the Louisiana Constitution.

30.     As a result of Defendants' unconstitutional actions, Mr. Jones' has suffered damages for which Defendants are liable.

## JURY REQUEST

31.     A trial by jury is requested for all claims subject to same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Preston Jones, requests judgment against Defendants, the Louisiana State Board of Private Security Examiners and Fabian P. Blache, III, individually and in his official capacity as executive director of the Board, jointly and separately, as follows:

a.     For an award of damages pursuant to 42 U.S.C §§ 1983 *et seq.* for violations of Plaintiff's rights under the Fourteenth Amendment to United States Constitution and Article I, Section 2 of the Louisiana Constitution;

b.     Lost wages and loss of earning capacity;

c.     Past, present, and future mental anguish and/or mental pain, humiliation, embarrassment, inconvenience, emotional distress, loss of enjoyment of life, and other non-pecuniary losses;

d.     Punitive damages;

e.     Reasonable attorney's fees and costs of this action; and

f.     All such other and further relief as the Court deems just and proper.

Respectfully submitted,

RON AUSTIN LAW

*/s/ Kassie Lee Richbourg*
Ron A. Austin (La. Bar No. 23630)
Kassie Lee Richbourg (La. Bar No. 37521)
400 Manhattan Boulevard
Harvey, Louisiana 70058
T: (504) 227-8100
F: (504) 227-8122
raustin@ronaustinlaw.com
krichbourg@ronaustinlaw.com
*Counsel for Plaintiff*