UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**PRESTON JONES**                                **CIVIL ACTION**

**VERSUS**

**NO. 22-258-JWD-RLB**

**THE LOUISIANA STATE
BOARD OF PRIVATE SECURITY
EXAMINERS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 2, 2022.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRESTON JONES** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 22-258-JWD-RLB** |
| **THE LOUISIANA STATE BOARD OF PRIVATE SECURITY EXAMINERS, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant Fabian Blache, III's Motion to Dismiss Pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. (R. Doc. 10).

Also before the Court is Defendant Louisiana State Board of Private Security Examiners Motion to Dismiss Plaintiff's Claims Pursuant to F.R.C.P. 12(b)(5). (R. Doc. 14).

Plaintiff did not file any oppositions prior to the deadline to do so. LR 7(f). The Court held a hearing on the motions. (R. Doc. 16).

**I.    Background**

On April 20, 2022, Preston Jones ("Plaintiff" or "Jones") commenced this civil rights action against the Louisiana State Board of Private Security Examiners (the "Board") and Fabian Blache, III, individually and in his official capacity as Executive Director of the Board ("Blache") (collectively, "Defendants"). (R. Doc. 1, "Complaint"). At the time he filed the lawsuit, Plaintiff was represented by counsel.

Plaintiff alleges he is a licensed security officer and Classroom and Firearms Instructor for the Board for approximately 18 years. (Compl. ¶ 7). Plaintiff further alleges that on or about April 23, 2021, without reasonable notice and an opportunity for a fair and impartial hearing, Blache notified Plaintiff by text message that his license had been suspended and that he would

1

no longer be able to teach as a Board Instructor. (Compl. ¶ 9-10). Plaintiff further alleges that the Board official suspended his license on April 26, 2021. (Compl. ¶ 11). The suspension lasted for eleven weeks until the Board fully reinstated Plaintiff's license on July 8, 2021. (Compl. ¶¶ 12-13).

Plaintiff alleges that he "neither received reasonable notice nor was he given an opportunity for a fair and impartial hearing, as required by La. R.S. 37:3288, prior to the action taken by Mr. Blache on April 23, 2021, purportedly on behalf of the Board, or prior to the Board's 'official' suspension of Mr. Jones on April [26], 2021." (Compl. ¶ 20). Plaintiff further alleges that he "never received reasonable notice nor was he given an opportunity for a fair and impartial hearing, as required by LAC Title 46, Part LIX, Chapter 6, § 601 and Chapter 9, § 901, prior to the action taken by Mr. Blache on April 23, 2021, purportedly on behalf of the Board, or prior to the Board's 'official' suspension of Mr. Jones on April [26], 2021." (Compl. ¶ 21). Plaintiff seeks relief under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Louisiana Constitution. (Compl. ¶¶ 22-30).

On June 29, 2022, the Court reset a telephone scheduling conference scheduled for July 7, 2022, because the defendants had not yet made an appearance in the action. (R. Doc. 3). Plaintiff, while still represented by his original counsel, only then submitted summons, which the Clerk's Office issued on July 13, 2022. (R. Docs. 4, 5). The record indicates that Plaintiff did not then serve the summons and complaint on Defendants prior to the 90-day deadline under Rule 4(m) of the Federal Rules of Civil Procedure or otherwise seek an extension of that deadline. On July 27, 2022, shortly after the deadline under Rule 4(m) expired, Plaintiff's counsel withdrew as

2

counsel of record. (R. Docs. 6, 7, 8, 9). The Court cancelled the rescheduled telephone scheduling conference and has not issued a Scheduling Order in this matter. (R. Doc. 13).

On August 18, 2022, Blache filed his Motion to Dismiss Pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. (R. Doc. 10). A week later, on August 25, 2022, the Board filed its Motion to Dismiss Plaintiff's Claims Pursuant to F.R.C.P. 12(b)(5). (R. Doc. 14). The foregoing motions seek dismissal of this action for failure to serve within the time allowed by Rule 4(m).

The Court held oral argument on October 5, 2022. (R. Doc. 16). At the hearing, Plaintiff explained that he had been unable to find new counsel since the withdrawal of his original counsel. Plaintiff did obtain new counsel, however, who was enrolled as counsel of record on October 26, 2022. (R. Doc. 19; *see* R. Doc. 18).

**II.    Law and Analysis**

    **A.    Legal Standards**

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 Fed. App'x 343, 344 (5th Cir. 2007). When a challenge is made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner. *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1990). The fact that the plaintiff is pro se does not excuse the failure to properly effect service of process. *System Signs Supplies*, 903 F.2d at 1013; *Dupre v. Touro Infirmary*, 235 F.3d 1340 (5th Cir. 2000).

3

Rule 4(m) requires a plaintiff to "properly serve defendant with a copy of the summons and complaint within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If a defendant is not timely served, the court "must dismiss the action" or order that "service be made within a specified time." *Id*. However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. The Fifth Circuit has held that even in the absence of good cause, however, the Court has discretion "to order that service be made within a specified time" as an alternative to dismissal. *Id*.; *see Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause.").

To establish good cause, a litigant must demonstrate "at least as much as would be required to show excusable neglect." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). "Actions falling into the category of inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause for extending" the service period. *Traina v. United States*, 911 F.2d 1155, 1157 (5th Cir. 1990). Additionally, the claimant must make a showing of good faith and establish "'some reasonable basis for noncompliance within the time specified.'" *Winters*, 776 F.2d at 1306 (quoting 4A C. Wright & A. Miller, Federal Practice & Procedure § 1165, at 480 (2d ed.)). Ultimately, the district court has broad discretion in determining whether dismissal for improper service of process is warranted. *Wagster v. Gauthreaux*, No. 12-11, 2013 WL 5554104, at *2 (M.D. La. Oct. 7, 2013) (citing *George v. U.S. Dept. of Labor, Occupation Safety & Health Admin.*, 788 F.2d 1115 (5th Cir. 1986)).

4

**B.     Analysis**

Here, there is no dispute that Plaintiff, while represented by his original counsel, did not timely serve the defendants in this action. Defendants made an appearance for the sole purpose of seeking dismissal under Rule 12(b)(5) for Plaintiff's failure to serve process within the time required by Rule 4(m).[1] Having considered the record, the Court does not find that good cause has been established requiring an extension of the deadline to serve process. Nevertheless, the Court finds it appropriate to exercise its discretion to allow Plaintiff another opportunity to serve process.

First, while the deadline to serve expired while Plaintiff was represented by his original counsel, the instant motions were filed while Plaintiff was proceeding pro se. It is axiomatic that the rules which govern service of process are applied more leniently to pro se litigants. *Mayeaux v. McKee*, No. 14-72, 2014 WL 7186275, at *2 (M.D. La. Dec. 16, 2014) (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). "Nonetheless, when the failure of effective service may be ascribed to the plaintiff's 'dilatoriness or fault' or 'inaction,' the case may properly be dismissed." *Id.* (citing *Holly v. Metropolitan Transit Authority*, 213 Fed. App'x 343, 343 (5th Cir. 2007); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).

---

[1] The Court recognizes that Blache also seeks dismissal pursuant to Rule 12(b)(4) (insufficient process) and Rule 12(b)(2) ("lack of personal jurisdiction"). The Court need not reach these issues. First, "[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons.'" *Baton Rouge Total Care Center v. Regency 14333*, No. 14-168, 2014 WL 5794995, at *1 (M.D. La. Nov. 6, 2014) (quoting 5B Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed.)). "Conversely, a 'Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Id.* Here, the issue is the failure to serve summons, not the form of the process. Second, while valid service of process is necessary in order for this court to exercise personal jurisdiction over the defendants, the failure to serve process is curable. *See White v. NBA Properties, Inc.*, No. 14-00574-BAJ, 2015 WL 1956518, at *1 (M.D. La. Apr. 29, 2015) (recognizing that while it is "axiomatic that in order for there to be in personam jurisdiction there must be valid service of process," an opportunity to be cure the defect in service may be appropriate). Dismissal under Rule 12(b)(2) would be inappropriate in this action given that Plaintiff's failure to serve process is curable.

Here, the failure to serve process on the defendants is attributable to the period of time in which Plaintiff was represented by his original counsel. It is unclear whether this failure to timely serve was a result of inadvertence, mistake or ignorance of counsel. Regardless, since the withdrawal of his original counsel, Plaintiff has demonstrated his interest in pursuing this lawsuit by attending oral argument on the instant motions and ultimately obtaining new counsel.

Second, dismissal of this action for failure to serve process may result in a near *de facto* dismissal with prejudice. This action was filed on April 20, 2022, within one year of Plaintiff's alleged notification by Blache on April 23, 2021 that his license had been suspended. "The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Assuming that the one-year prescriptive period for delictual actions under Louisiana law applies to Plaintiff's causes of action, this action was filed just three days before the one-year prescriptive period would have run. *See Crane v. Childers*, 655 F. App'x 203, 204 (5th Cir. 2016) (finding that plaintiff's state law and 42 U.S.C. § 1983 claims were subject to the one-year prescriptive period for delictual actions under Louisiana law because the court borrows the forum state's general personal injury limitations period when determining whether such actions are time barred following the date of accrual); *see also* La. Civ. Code art. 3492 ("Delictual actions are subject to a liberative prescription of one year."). The filing of this lawsuit interrupted the prescriptive period, which would re-commence after the dismissal of the action without prejudice. *See Gonzalez v. Seal*, 677 F. App'x 918, 922-23 (5th Cir. 2017). Accordingly, if this action is dismissed without prejudice pursuant to Rule 12(b)(5)

for insufficient service of process, Plaintiff may have only a few days to recommence the lawsuit in state court.[2]

An exercise of discretion allowing additional time to serve is appropriate under these circumstances. The Committee Note to the 1993 amendments to Rule 4(m) specifically provides that even in the absence of good cause, "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4(m) Committee Note (1993); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996) (under 1993 amendments to Rule 4 of the Federal Rules of Civil Procedure, courts have been accorded discretion to enlarge the 120-day period even if there is no good cause shown). Granted, Plaintiff may have a few days to refile this action in state court if it is dismissed without prejudice. It is nevertheless appropriate to provide Plaintiff, who is once again represented by counsel, another opportunity to serve process in this action.

Finally, and to the extent applicable, the Court does not find that Defendants will be prejudiced in this action by providing Plaintiff another opportunity to serve process. This is not an action where the plaintiff severely delayed over three years to serve process. *See Newby v. Enron Corp.*, 284 F. App'x 146, 150-51 (5th Cir. 2008) (finding that district court did not abuse discretion in refusing additional time to effect service even considering that the running of the limitations period would prevent refiling given the severe delay in service).

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Defendant Fabian Blache, III's Motion to Dismiss Pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. (R.

---

[2] The Court need not, however, reach any dispositive conclusions regarding the running of the prescriptive period in the context of deciding the instant motions.

7

Doc. 10) and Defendant Louisiana State Board of Private Security Examiners Motion to Dismiss Plaintiff's Claims Pursuant to F.R.C.P. 12(b)(5) (R. Doc. 14) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the district judge provide Plaintiff, who is once again represented by counsel, with an additional **30 days** from the adoption of this Report and Recommendation to serve the summons and complaint on the defendants as required by Rule 4(c). Plaintiff is on notice that should the district judge adopt this recommendation, failure to serve the summons and complaint on the defendants within the timeframe provided above may result in the dismissal of the action without further notice.

Signed in Baton Rouge, Louisiana, on November 2, 2022.

                                             **RICHARD L. BOURGEOIS, JR.**
                                             **UNITED STATES MAGISTRATE JUDGE**