UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRESTON JONES** | |
| | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 22-258-JWD-RLB** |
| **THE LOUISIANA STATE BOARD OF PRIVATE SECURITY EXAMINERS, ET AL.** | |

**RULING AND ORDER**

This matter comes before the Court on the *Motion to Dismiss Plaintiff's Claims Pursuant to F.R.C.P. 12(B)(5)* (Doc. 27) (the "*Motion to Dismiss*") filed by the Louisiana State Board of Private Security Examiners ("the Board"). Plaintiff Preston Jones ("Jones" or "Plaintiff") opposes the motion (Doc. 32). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the Board's *Motion to Dismiss* is granted in part and denied in part.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

For the purposes of this *Motion*, the parties do not dispute the factual allegations set forth in Plaintiff's *Complaint* (Doc. 1). (Doc. 27 at 4.) Plaintiff is a "licensed security officer . . . as well as a Classroom and Firearms Instructor for the [Louisiana State Board of Private Security Examiners]." (Doc. 1 at 3.) On April 23, 2021, the then-Executive Director of the Board—a defendant also named in this case but who did not join in this *Motion*—notified Plaintiff that his license had been suspended, and thus would not be able to teach. (*Id.*) Plaintiff claims that he was not given reasonable notice or an opportunity for a hearing before having his license suspended. (*Id.*) Plaintiff's license was reinstated on July 8, 2021, eleven weeks after the initial suspension.

(*Id.*) Plaintiff sued the Board under 42 U.S.C. §§ 1983 *et. seq.* and filed his *Complaint* on April 20, 2022. (*Id.* at 7.)

Plaintiff submitted a summons to the Board on July 11, 2022, which was issued by the Clerk's office on July 13, 2022. (Doc. 4, Doc. 5.) Plaintiff did not serve the Board before the 90-day deadline. The Board, along with the other defendant in this case, filed motions to dismiss pursuant to Rule 12(b)(5). (Doc. 10, Doc. 14.) On December 8, 2022, this Court denied the motions, and Plaintiff was given 30 days to serve the summons and *Complaint* on the defendants. (Doc. 25 at 1.) The Board claims that it did not receive the summons or *Complaint* in accordance with the Federal Rules of Civil Procedure, as they were sent to the Board's registered agent through certified mail. (Doc. 27 at 5–6.) The Board filed the *Motion to Dismiss* on April 18, 2023. (Doc. 27.)

## II. RULE 12(B)(5) STANDARD

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). The Fifth Circuit has also said that the party making service bears the burden of showing "good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990). The district court has "broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

### III. DISCUSSION

#### A. Parties' Arguments

##### 1. *The Board's Motion to Dismiss (Doc. 27)*

The Board argues that Plaintiff's claims against it should be dismissed for insufficient service of process. (Doc. 27 at 6.) It points to Federal Rule of Civil Procedure Rule 4(m), which requires that a defendant be properly served with the summons and complaint within 90 days of the filing of the complaint. (*Id.*) The Board uses Rule 4(e) in its argument that certified mail is not an acceptable method of service. (*Id.*) It also looks to Louisiana law and says that certified mail is not a sufficient way to serve a state agency. (*Id.*) The Board says that both the 90-day deadline of Rule 4(m) and the 30-day deadline given by the Court have passed with no proper service on the Board. (*Id.* at 7.) The Board requests that it be dismissed from this lawsuit. (*Id.*)

##### 2. *Plaintiff's Memorandum in Opposition (Doc. 32)*

Plaintiff first argues that he has diligently tried to serve the Board. (Doc. 32 at 2.) Plaintiff's attorney started a dialogue with the attorney for the Board, trying to effect service as quickly as possible. (*Id.*) In doing so, Plaintiff's attorney requested that the Board waive service. (*Id.*) The Board declined to do so, as governmental agencies or boards are not required to waive service. (*Id.*) The Board's attorney gave Plaintiff's attorney the name of the Board's Interim Executive Secretary, Stephanie Richardson, as the person to receive service. (Doc. 32-1 at 2.)

Plaintiff then issued the summons and complaint through U.S. certified mail to the Board, the Assistant Attorney General representing the Board, and the attorney representing the other defendant. (Doc. 32 at 3.) The certified mail receipt, "green card," was returned to Plaintiff, signed by Mellany Sherman on behalf of Stephanie Richardson. (*Id.*)

3

Plaintiff argues that service through certified mail was sufficient because it fulfilled the purpose of Rule 4, which is to ensure that defendants have notice of an action against them. (*Id.* at 4.) Plaintiff says that since the Board has declined to waive notice, the Board's counsel has spoken at length with Plaintiff's counsel, and the Board actually received the summons and *Complaint*, the spirit of Rule 4 has been fulfilled. (*Id.* at 4–5.)

Next, Plaintiff argues that Rule 4(j)(2)(A) applies to this case, not 4(e) as the Board claims. (*Id.* at 5.) He claims that he did effectuate service on the Board, as the chief executive officer was served through an agent. (*Id.*) He cites an Eastern District of Louisiana case, *Neil v. Randolph*, which he says stands for the proposition that service on the chief executive officer does not necessarily mean personal service, as it can be difficult for high level officers to be personally served. (*Id.* at 5–6.) Plaintiff asserts that the Court need not look to Louisiana state law to determine if service was sufficient because service was sufficient under Rule(4)(j)(2)(A). (*Id.* at 6–7.)

Plaintiff also claims that the Board has waived its objection by waiting nearly four months before objecting to the sufficiency of service. (*Id.* at 7.) He says that because the Board has run out the clock and claimed untimely and improper service, the Board should be estopped from raising an argument about the sufficiency of service. (*Id.*) Plaintiff argues that even though the Board was within its right to refuse to waive service, doing so "arguably rules afoul of the spirit, if not the actual meaning, of Rule 4." (*Id.*)

Finally, in the alternative, Plaintiff asserts he took diligent steps to comply with this Court's order to serve the Board, and that the Board is the reason why service was not sufficiently made. (*Id.* at 7–8.) He says that the delay of the Board in filing the present Rule 12(b)(5) motion prevented him from hiring a process server to effect personal service within 30 days. (*Id.* at 8.) Plaintiff argues that "the attendant equities militate in favor of denying the Board's motion." (*Id.*)

4

Plaintiff also points to the Board's argument of a lack of excusable neglect, saying that excusable neglect is equitable and flexible. (*Id.*) He says that there is no prejudice to the Board, as the Board had actual knowledge of the suit, and it has not lost any defenses due to the passage of time. (*Id.*) Plaintiff reiterates that the length of the delay was due to the Board's delay in filing its Rule 12(b)(5) motion. (*Id.*)

### B. Law and Analysis

In sum, the Court will grant in part and deny in part the Board's *Motion to Dismiss*. Service of a summons and complaint through certified mail is not valid under the Federal Rules of Civil Procedure or Louisiana law regarding service on governmental entities. Although service was invalid, a dismissal without prejudice will essentially prevent Plaintiff from pursuing his claim, as the statute of limitations has run. Thus, the Court will allow Plaintiff thirty (30) more days within which Plaintiff must properly serve the Board.

#### *1. Sufficiency of Service*

Federal Rule of Civil Procedure 4 governs the service of summons. Rule 4(j)(2) gives the rule for serving a state government:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) Delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) Serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). The Court will look at both subsections of Rule 4(j)(2) to determine if service was sufficient.

5

a. <u>Service Through the Chief Executive Officer</u>

The first way that Plaintiff could have served the Board was through its chief executive officer. Plaintiff purported to serve the Board through certified mail, sent to the Interim Executive Secretary, which was received by another person on behalf of the Interim Executive Secretary (Doc. 32 at 3.) The Fifth Circuit said in *Gilliam v. County of Tarrant* that "the use of certified mail is not sufficient to constitute 'delivering' under Rule 4." 94 F. App'x 230 (5th Cir. 2004) (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (citing *McDonald v. United States*, 898 F.2d 466, 467-68 (5th Cir. 1990))).

While Plaintiff argues in his *Opposition* that service was effective per the rule given in *Neil v. Randolph*, this is a mischaracterization of that case. In *Neil*, the challenged service was done by a process server. *Neil v. Randolph*, No. 09-6242, 2010 WL 1727809 at *1 (E.D. La. Mar. 17, 2010) (Knowles, J.). The issue was whether the chief executive officer herself was served, or if someone else in her office accepted service for her. *Id.* at *2. The discussion cited by Plaintiff concerned whether the provisions of Rule 4(j)(2) required personal or domiciliary service. *Id.* at *3–4. Both personal and domiciliary service are authorized by Rule 4(j)(2). Service through certified mail, however, is not, as shown in several Fifth Circuit decisions. *See Gilliam*, 94 F. App'x 230.

Because the Fifth Circuit has ruled that certified mail is not a proper method of service of summons and complaint on this defendant under Federal Rules of Civil Procedure Rule 4, the court must also look to Louisiana law to determine whether the Board was properly served.

b. <u>Service of Governmental Entities Under Louisiana Law</u>

Service of process in Louisiana is generally governed by Louisiana Code of Civil Procedure Articles 1231–1314. There are, however, more specific service rules that apply to

6

governmental entities within the state. Louisiana Revised Statutes 13:5107(B) says, in pertinent part:

> In all suits filed against a political subdivision of the state, or any of its departments, offices, boards, commissions, agencies or instrumentalities, citation and service may be obtained on any proper agent or agents designated by the local governing authority and in accordance with the laws of the state . . . and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which whom or through whom suit is to be filed against.

La. R.S. 13:5107(B). The Board falls under this provision, as it is a Louisiana state board.

The federal district courts in Louisiana have interpreted this provision in accordance with Louisiana law and have found that certified mail is not proper service of a governmental entity under Louisiana law. The Eastern District of Louisiana has said that Louisiana only allows for personal and domiciliary service of citation and that "delivery of the complaint and summons by certified mail does not comport with Louisiana or Federal Law." *Able Sec. and Patrol, LLC v. Louisiana ex rel. Dep't. of Pub. Safety and Corr.*, No. 07-1931, 2008 WL 3539693 at *2–3 (E.D. La. July 30, 2008) (Lemelle, J.); *see also Seal v. State of Louisiana*, No. 05-629, 2005 WL 3543836 at *2 (E.D. La. Oct. 18, 2005) (Vance, J.) ("[D]efendants are correct that service by certified mail is generally not a proper method of service under either Rule 4 or Louisiana law").

This Court has also held that certified mail is not a valid method of service under Louisiana law. In *Puckett v. Powers*, this Court said that "service of a complaint is not properly delivered via certified mail pursuant to the Federal Rules and Louisiana law." No. 11-613-BAJ-DLD, 2012 WL 1565662 at *2 (M.D. La. Apr. 3, 2012) (Dalby, M.J.); *see also Allen v. La. School for Deaf La. Dep't. of Ed.*, No. 07-957, 2008 WL 11417774 at *2 (M.D. La. May 27, 2008) (Tyson, C.J.); *Cupps v. La. State Police*, No. 12-0123, 2013 WL 2302688 at *4 (M.D. La. May 24, 2013) (Walter, J.). This Court in *Puckett* also pointed to Louisiana Civil Code Article 1313, which provides that only

pleadings subsequent to the original petition may be served through certified mail. *Puckett*, 2012 WL 1565662 at *2.

More recently, the Western District of Louisiana reached the same conclusion in *Richardson v. U.S. Federal Bureau of Investigations*, saying "it is manifest, however, that service of a resident/in-state party by certified mail does not comport with Louisiana or Federal Law." No. 3:20-CV-01050, 2021 WL 1207752 at *10 (W.D. La. Mar. 15, 2021) (McClusky, M.J.) (citing *Able Sec. and Patrol, LLC*, 2008 WL 3539693 at *2–3; *Allen*, 2008 WL 11417774 at *2; *Seal*, 2005 WL 3543836 at *2).

Plaintiff has not provided the Court with a copy of the "green card" receipt showing that he sent the summons and complaint through certified mail, but both parties say in their memoranda related to this *Motion to Dismiss* that the summons and complaint were sent through certified mail. Under Louisiana law, this is not a permissible method of service. Thus, the Court finds that because Plaintiff has not properly served the Board with summons and complaint, service was insufficient.

### 2. *Extension of Time*

Although service on the Board was insufficient, the Court will not dismiss Plaintiff's claim. Because Plaintiff failed to serve a state board within the 90-day limit and the statute of limitations is deemed to have never been interrupted, a dismissal without prejudice—which would typically be warranted here—would essentially be a dismissal with prejudice. Thus, the Court will allow Plaintiff thirty (30) more days within which to properly serve the Board.

Federal Rule of Civil Procedure 4(m) says that a defendant must be served within 90 days after the complaint was filed, and if plaintiff fails to do this, the court must dismiss the action without prejudice. Rule 4(m) does require the court to extend the time for service on a showing of good cause. The Fifth Circuit has said that, even without a showing of good cause, "the court has

discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). For example, a discretionary extension is allowed "if the applicable statute of limitations would bar the refiled action. . ." *Id.* (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

Plaintiff did not plead good cause for failing to serve the Board. Rather, he pointed to the Board's alleged bad faith in not waiving service or filing its *Motion to Dismiss* sooner. (Doc. 32 at 7.) Governmental entities are not required to waive service, as they are not included in Rule 4(d). Thus, the Board is not in bad faith for refusing to waive service. Because Plaintiff has not made an argument that the good faith exception should apply, the Court will determine if there are other considerations that would make dismissal inappropriate.

The statute of limitations on Plaintiff's case is one year, as the statute of limitations on § 1983 claims are governed by the applicable state's law; this action happened in Louisiana, which has a one-year prescription period for delictual actions (torts). *See Crane v. Childers*, 655 F. App'x 203, 204 (5th Cir. 2016). Federal law determines when a § 1983 claim accrues, and a § 1983 claim accrues when "a plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999) (quoting *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992)). Plaintiff's cause of action came into existence when he was notified of his suspension, April 23, 2021. (Doc. 1 at 3.) He filed his *Complaint* on April 20, 2022, leaving only three days until the end of the statute of limitations.

Courts will look to state law for tolling in § 1983 cases. *Wallace v. Kato*, 549 U.S. 384, 394 (2007). Typically, the filing of a suit within a court of competent jurisdiction would result in the statute of limitations being interrupted. Louisiana law, however, provides that when a suit against the state or a state agency is dismissed for insufficient service of process, the statute of

limitations is not interrupted. *Cruz v. Louisiana ex rel. Dept. of Public Safety and Corrections*, 528 F.3d 375, 381 (5th Cir. 2008). "In other words, a suit brought against an agency and later dismissed for failure to timely serve does not interrupt Louisiana's prescriptive period." *Id.* (citing *Bordelon v. Med. Ctr. of Baton Rouge*, 03-0202 (La. 10/21/03), 871 So.2d 1075, 1084.

Well over a year has passed since April 23, 2021. If the Court were to dismiss this case without prejudice, Plaintiff would be time barred from reinstituting his claim. Any dismissal here would be, as a practical matter, with prejudice, preventing Plaintiff from seeking relief. A dismissal with prejudice is an extreme measure, one that should only be taken if lesser measures do not serve the interests of justice. *Millan*, 546 F.3d at 326. A dismissal with prejudice is not warranted here. The Court will exercise its discretion as outlined in *Millan* and extend the service window by thirty (30) days, in which Plaintiff must properly serve the Board.

### IV. CONCLUSION

**IT IS ORDERED** that the *Motion to Dismiss Plaintiff's Claims Pursuant to F.R.C.P. 12(B)(5)* (Doc. 27) filed by the Louisiana State Board of Private Security Examiners is **GRANTED IN PART** and **DENIED IN PART**, as stated herein.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days from the Court's ruling on the Board's *Motion to Dismiss Plaintiff's Claims Pursuant to F.R.C.P. 12(B)(5)* in which to properly serve the Board with summons and complaint.

Signed in Baton Rouge, Louisiana, on October 24, 2023.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**